IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MANUEL BURGOS,

    Plaintiff,                    No. 2:11-cv-1906 JAM JFM (PC)

    vs.

ROBERT C. LONG,                  <u>ORDER AND</u>

    Defendant.               <u>FINDINGS & RECOMMENDATIONS</u>

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's original complaint, filed July 20, 2011, in which plaintiff claims that defendant Robert Long, a correctional counselor at California State Prison-Solano (CSP-Solano), violated plaintiff's rights under the Eighth Amendment by acting with deliberate indifference to plaintiff's serious medical needs in requiring the Chief Medical Officer at CSP-Solano to rescind the single-cell status for plaintiff that had been prescribed by medical staff at that prison.

        On October 3, 2011, plaintiff filed a motion for a preliminary injunction seeking an order requiring defendant to provide him with a single cell.  On December 1, 2011, plaintiff filed another motion for preliminary injunction, again seeking an order requiring that he be provided with single cell status, and also requiring defendant to stop alleged retaliation, including

1

1  issuance of false disciplinary charges, and to transfer plaintiff back to CSP-Solano.  On
2  December 2, 2011, defendant filed an opposition to plaintiff's October 3, 2011 motion.  On
3  December 19, 2011, plaintiff filed a motion for extension of time to reply to defendant's
4  opposition, and on December 27, 2011, plaintiff filed a reply.  Good cause appearing, plaintiff's
5  motion for extension of time will be granted and plaintiff's reply deemed timely filed.

6  The legal principles applicable to a request for injunctive relief are well
7  established.  To prevail, the moving party must show either a likelihood of success on the merits
8  and the possibility of irreparable injury, or that serious questions are raised and the balance of
9  hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122
10 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,
11 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal
12 point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under
13 any formulation of the test, plaintiff must demonstrate that there exists a significant threat of
14 irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the
15 court need not reach the issue of likelihood of success on the merits.  Id.

16 In cases brought by prisoners involving conditions of confinement, any
17 preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
18 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
19 correct the harm."  18 U.S.C. § 3626(a)(2).

20 Defendant opposes plaintiff's motion on the ground, inter alia, that the request for
21 injunctive relief has been mooted by plaintiff's transfer from CSP-Solano to Pleasant Valley
22 State Prison (Pleasant Valley).[1]  When a prisoner is transferred from a prison claims for
23 injunctive relief arising from conditions at that prison become moot.  See Nelson v. Heiss, 271
24 F.3d 891, 897 (9th Cir. 2001) (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995)).

---

[1] It appears that plaintiff was incarcerated at Pleasant Valley when he filed this action. See Complaint, filed July 20, 2011.

1  There is no evidence that plaintiff has a reasonable possibility of returning to CSP-Solano, so his
2  prayer for injunctive relief does not fall within the "capable of repetition yet evading review"
3  exception to the mootness doctrine.  See Dilley, 64 F.3d at 1368.  Moreover, to the extent that
4  plaintiff seeks an order requiring prison officials to transfer him back to CSP-Solano, he cannot
5  obtain that relief from this court.  See Olim v. Wakinekona, 461 U.S. 238 (1983) (holding that
6  prisoner has no constitutional right to be housed in a particular prison or state); see also
7  Meachum v. Fano, 427 U.S. 215 (1976) (concluding a prisoner has no liberty interest in which
8  prison he is housed).  Finally, there is no evidence that defendant Long, the sole defendant in this
9  action, has any authority over plaintiff's housing or other conditions of plaintiff's confinement at
10 Pleasant Valley.  This court is unable to issue an order against individuals who are not parties to
11 a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

12         For all of the foregoing reasons, plaintiff's motions for injunctive relief should be
13 denied.

14         Plaintiff included with his December 1, 2011 motion for injunctive relief a request
15 for imposition of sanctions against "defendants and their agents" arising from events that led to
16 prison disciplinary charges filed against plaintiff and an order recusing the California Attorney
17 General from representing defendant in this action.  Neither request falls within the authority of
18 this court in this action and both will be denied.

19         Finally, plaintiff seeks appointment of counsel.  The United States Supreme Court
20 has ruled that district courts lack authority to require counsel to represent indigent prisoners in
21 § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain
22 exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to
23 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
24 Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not
25 find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel
26 will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 1, 2011 motion for the appointment of counsel is denied;

2. Plaintiff's December 1, 2011 motion for sanctions is denied;

3. Plaintiff's December 1, 2011 motion to recuse the California Attorney General is denied;

4. Plaintiff's December 19, 2011 motion for extension of time is granted;

5. Plaintiff's December 27, 2011 reply is deemed timely filed; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's October 3, 2011 motion for preliminary injunction be denied; and

2. Plaintiff's December 1, 2011 motion for preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 29, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
burg1906.pi