IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MANUEL BURGOS,

    Plaintiff,                      No. 2:11-cv-1906 JFM (PC)

    vs.

ROBERT C. LONG,

    Defendant.

_____/        <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Several matters are pending before the court.

        On May 4, 2012, plaintiff filed a motion to compel discovery. Plaintiff states that on February 28, 2012, he served on defendants a set of interrogatories, a set of requests for production of documents, and a set of requests for admissions.[1] Plaintiff contends defendant "failed to automatically disclose discovery and failed to provide plaintiff the requested production of documents, and response to interrogatories." Memorandum of Points and

---

[1] Plaintiff represents that these discovery requests are appended as Exhibit A to the motion, but there is no Exhibit A appended to the motion. Defendant has included the discovery requests and responses thereto with his opposition to plaintiff's motion.

1

1  Authorities in Support of Plaintiff's Motion for an Order Compelling Discovery, filed May 4,
2  2012, at 4. Plaintiff further represents, however, that on April 17, 2012, prison officials issued
3  legal mail to plaintiff that included defendant's responses to the interrogatories and the request
4  for production of documents. Declaration of Richard Manuel Burgos in Support of Plaintiff's
5  Motion for an Order Compelling Discovery, filed May 4, 2012, at 2.

6  As defendant observes in his May 18, 2012 opposition to plaintiff's motion,
7  plaintiff did not identify in his motion any insufficiency in defendant's discovery responses. Nor
8  did plaintiff identify any insufficient responses in his reply brief. However, on June 1, 2012,
9  plaintiff filed a document styled as a motion to amend the complaint. Therein, plaintiff
10 challenges the sufficiency of defendant's response to requests 21 through 24 and request 38 of
11 his first request for production of documents. By requests 21 through 24, plaintiff sought "any
12 and all documents" that refer to the housing history, reasons for re-housing or removal from a
13 housing unit, disciplinary history, criminal history, and/or mental health classification history of
14 three inmates. Defendant objected to each of these requests on several grounds, including that
15 they sought "information that could violate the privacy rights and safety of third parties." Ex. B
16 to Defendant's Opposition to Plaintiff's Motion to Compel, filed May 18, 2012, at 13-14. This
17 objection is well-taken. No further response to this request will be required.

18 By request number 38, plaintiff sought any and all documents that "contain,
19 mention, construe, or refer to e-mails dated September 12 and 14, 2010 from Tony Jones, A.W.
20 to Ronald W. Cappel, A.W. concerning plaintiffs [sic] medically prescribed single cell status."
21 Id. at 22. Defendant responded that he had requested the documents and would provide them
22 upon receipt if there were any responsive, non-confidential documents. Id. In his motion to
23 amend, plaintiff represents that on September 15, 2010, a Senior Registered Nurse II named
24 Dotty Hicks showed him both emails. Good cause appearing, defendant will be directed to
25 inform the court in writing whether any documents have been provided to plaintiff in response to
26 this request and if not, why not. In all other respects, plaintiff's motion to compel will be denied.

On May 4, 2012, plaintiff filed a proposed first amended complaint. By order filed May 17, 2012, the court granted plaintiff twenty days in which to file either a motion to amend or defendant Long's written consent to amendment. As noted above, on June 1, 2012, plaintiff filed a document styled as a motion to amend the complaint. The substance of the motion, however, is focused on plaintiff's May 4, 2012 motion to compel further discovery responses. Defendant nonetheless responded to the motion as a motion to amend, opposing said motion. Plaintiff presents his argument for amendment in his reply brief, filed June 22, 2012.

Plaintiff seeks to add five defendants to his claim that his constitutional rights were violated by the failure to provide him a single cell as prescribed by physicians at California State Prison-Solano. Federal Rule of Civil Procedure 15(a)(2) requires that the court "freely give leave" to amend "when justice so requires. Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). Defendant contends that amendment is futile because the proposed first amended complaint fails to state a claim against any of the five proposed new defendants. Defendant also contends that plaintiff has failed to show "good cause" for amendment; it appears that this argument is that plaintiff has unduly delayed in adding these defendants. Finally, defendant contends that he would be unduly prejudiced by amendment because discovery has closed in this action, he has begun preparation of a motion for summary judgment, and adding new defendants would require reopening discovery, prolonging this action, and additional expense.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

1  U.S.C. § 1915A(b)(1),(2).  A claim is legally frivolous when it lacks an arguable basis either in
2  law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d
3  1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is
4  based on an indisputably meritless legal theory or where the factual contentions are clearly
5  baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim,
6  however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885
7  F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8         Viewed in the light most favorable to plaintiff, the allegations of the first amended
9  complaint are sufficient to state a cognizable Eighth Amendment claim against all of the
10 proposed five new defendants based on their alleged involvement in the denial of single cell
11 status to plaintiff.  Moreover, plaintiff did not unduly delay in seeking amendment.  He filed his
12 proposed first amended complaint near the end of the discovery period and over two months
13 before the deadline for filing dispositive motions in this action.  For these reasons, plaintiff's
14 motion to amend will be granted.  Good cause appearing, counsel for defendant Long will be
15 directed to inform the court within twenty days whether counsel will accept service of process on
16 the five new defendants.

17        On July 20, 2012, defendant filed a motion to vacate or extend the deadline for
18 filing dispositive motions in this action.  In view of the order granting plaintiff's motion to
19 amend, and good cause appearing, defendant's motion will be granted.  The court will issue a
20 new scheduling order in this action following the filing of a response to the first amended
21 complaint by all defendants named therein.

22        In accordance with the above, IT IS HEREBY ORDERED that:

23        1. Within twenty days from the date of this order, defendant Long shall inform
24 the court in writing whether any additional documents have been provided to plaintiff in response
25 to request number 38 of plaintiff's first request for production of documents and if not, why not;
26 /////

2. Except as provided in paragraph 1 of this order, plaintiff's May 4, 2012 motion to compel is denied;

3. Plaintiff's June 1, 2012 motion to amend is granted;

4. The first amended complaint states a cognizable claim for relief against the following defendants: Robert C. Long; A. C. Valencia; Sheila B. Molles; C. Stauss; Ronald W. Cappel; and Gary Swarthout;

5. Within twenty days from the date of this order counsel for defendant Long shall inform the court in writing whether counsel will accept service of process on behalf of defendants Valencia, Molles, Stauss, Cappel, and Swarthout;

6. Defendant Long shall respond to the first amended complaint within twenty days from the date of this order or with defendants Valencia, Molles, Stauss, Cappel, and Swarthout should his counsel accept service on behalf of said defendants;

7. Defendant's July 20, 2012 motion to vacate the deadline set for filing dispositive motions is granted; and

8. The court will set new dates for discovery and filing dispositive motions by subsequent order.

DATED: November 9, 2012.

UNITED STATES MAGISTRATE JUDGE

12
burg1906.amd