IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MANUEL BURGOS,

    Plaintiff,                  No. 2:11-cv-1906 JAM JFM P

vs.

ROBERT C. LONG,

    Defendant.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his rights under the Eighth Amendment by acting with deliberate indifference to his serious medical needs in connection with the rescission of medically prescribed single cell status. On February 5, 2013, plaintiff filed a motion for temporary restraining order and/or preliminary injunction. Plaintiff seeks a court order requiring defendants to expedite return to him of his legal and personal property following his transfer from California State Prison-Solano (CSP-Solano) to Pleasant Valley State Prison (Pleasant Valley). Plaintiff also seeks an order requiring "defendants and their agents to stop all forms of retaliation", including retaliatory transfers and unsafe cell assignments.

        On February 26, 2013, defendants filed an opposition to the motion. Defendants contend, inter alia, that the motion is moot because most of plaintiff's property has been returned

1

to him. In support of the opposition, defendants present evidence that all of plaintiff's property except his quarterly packages have been returned to him. See Declaration of K. Gruenberg in Support of Opposition to Plaintiff's Motion for Injunctive Relief, filed February 26, 2013 (ECF No. 59-1) at ¶¶ 4-5. Defendants also contend that none of them had any involvement with the shipment of plaintiff's property.[1]

In his reply, plaintiff contends that he is still missing some of his property. See Reply in Support of Plaintiff's Motion for Preliminary Injunctive Relief, filed March 12, 2013, at 3. Review of the evidence filed by plaintiff in support of this contention shows, however, that the property to which plaintiff refers was missing following an April 6, 2011 transfer of plaintiff to Pleasant Valley State Prison. See Declaration of Richard Manuel Burgos in Support of Motion for Preliminary Injunctive Relief/Protective Order, filed March 12, 2013 (ECF No. 62) at ¶ 28. There is no evidence linking any of the named defendants with the alleged loss of plaintiff's property.

Initially, the principal purpose of injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973). In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979)). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

---

[1] Defendants also state that they do not oppose a thirty day extension of the discovery deadline set in this action to the extent plaintiff's motion is construed as containing such a request. While plaintiff alleges that he was transferred to prevent him from meeting the discovery deadline in this action, the court does not construe the motion at bar as containing a request to extend that deadline.

1         In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). Finally, "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Services Co., Inc. v. Baldrige, 844 F.2d 668, 647 (9th Cir. 1988) (quoting Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir.1984)).

         Plaintiff does not dispute that the property that was in his possession at the time of his February 1, 2013 transfer to Pleasant Valley State Prison has been returned to him. This aspect of plaintiff's motion for injunctive relief is therefore moot. To the extent that plaintiff seeks injunctive relief for property he has allegedly been missing for over two years, the instant motion must fail. There is no claim in the underlying complaint based on the alleged deprivation of this property[2] and no showing that he is threatened with irreparable harm from the alleged deprivation of that property.

         Finally, plaintiff's request for a general order prohibiting defendants and their agents from retaliation is too speculative to support an injunction.

         For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's February 5, 2013 motion for injunctive relief (ECF No. 57) be denied.

---

[2] Nor could there be. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). There are no facts which suggest that the alleged 2011 deprivation of property was authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law, and any such claim would be subject to dismissal as frivolous. See 28 U.S.C. § 1915(e)(2).

1 These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 22, 2013.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

12
burg1906.pi2